IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORBERTO CAMPOS and NICOLASA CAMPOS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-2062 |
| OCWEN LOAN SERVICING, LLC, | § § § | |
| Defendant. | § | |

ORDER

Pending is Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 3). Plaintiffs have filed no response to the motion, and it is deemed unopposed pursuant to Local Rule 7.4. Plaintiffs Norberto and Nicolasa Campos ("Plaintiffs") reside at 6630 Boss Gaston Road, Richmond, Texas 77469 ("the Property").[1] Defendant Ocwen Loan Servicing, LLC ("Ocwen") is the servicer of Plaintiffs' mortgage loan.[2] In April 2013, Plaintiffs' insurer issued a check payable jointly to Plaintiffs and Ocwen for damages to the Property sustained in Hurricane Ike.[3] Plaintiffs allege that Ocwen has refused to

---

[1] Document No. 1-2, ex. A-3 at 4 of 16 (Orig. Pet.).

[2] Id.

[3] Id.

release the check to them.[4]  Plaintiffs bring this suit for a declaratory judgment that the full amount of the check belongs to them, predicated on their claim that the original loan paperwork did not correctly describe their lot, that is, that their hurricane damaged house is situated on a smaller tract adjacent to the lot described in the mortgage documents, and therefore no lien was effectively created on the house.[5]  Ocwen moves to dismiss on the grounds of res judicata, arguing that this Court's Final Judgment in Campos v. U.S. Bank Nat'l Ass'n. et al., Civ. A. No. 4:12-cv-02236 (S.D. Tex. Mar. 1, 2013) (Ellison, J.) (hereinafter "Campos I") bars this action.[6]

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).  For a claim to be barred on the grounds of res judicata, four elements must be satisfied: (1) the parties are identical to, or in privity with, those in a prior action; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action ended with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. Id.  The Fifth Circuit uses a transactional test to determine

---

[4] Id.

[5] Id. at 5 of 16.

[6] Document No. 3.

2

whether both suits involve the same cause of action. Id. "[I]f the primary right and duty and the delict or wrong are the same in each action, the cause of action is the same." Hall v. Tower Land and Inv. Co., 512 F.2d 481, 483 (5th Cir. 1975).

In December 2011, Plaintiffs filed suit against U.S. Bank National Association ("U.S. Bank"), the mortgagee of Plaintiffs' home loan,[7] and Ocwen, asking the Court to "prevent any foreclosure of liens as held by any assignee of the original Deed of Trust above described until it is fully decided what property is covered for the loan and what part the house is located on."[8] U.S. Bank and Ocwen filed a motion to dismiss for failure to state a claim upon which relief can be granted.[9] Judge Ellison granted the motion on November 13, 2012, but gave Plaintiffs leave to amend.[10] Plaintiffs did not amend, and the Court signed a Final Judgment on March 1, 2013, dismissing the case with prejudice.[11]

---

[7] Document No. 3 at 2.

[8] Campos I, Document No. 1-9, ex. A-8. The Court takes judicial notice of the pleadings and judgments rendered in Campos I. See Jefferson v. Lead Indus. Ass'n, Inc., 106 F.3d 1245, 1250 n.14 (5th Cir. 1997) (the court may take judicial notice of matters of public record, such as court documents, in considering a Rule 12(b)(6) motion).

[9] Campos I, Document No. 4.

[10] Campos I, Document No. 23; Campos v. U.S. Bank Nat'l Ass'n, Civ. A. No. 4:12-cv-2236, 2012 WL 5828619 (S.D. Tex. Nov. 13, 2012) (Ellison, J.).

[11] Campos I, Document No. 26.

The first element of res judicata is met because Plaintiffs and Ocwen are the opposing parties in both <u>Campos I</u> and the present action. The next two elements were met by reason of this Court, which had diversity jurisdiction over the parties, entering a final judgment on the merits.[12] *See* <u>Hall</u>, 512 F.2d at 483 ("[G]ranting defendant's motion to dismiss for plaintiff's failure to state a claim upon which relief can be granted operates as an adjudication on the merits . . ."); FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits."). Finally, the fourth element is met because the same claim underlies both actions, namely, that Ocwen does not have a valid lien on Plaintiffs' house because the house is not situated within the bounds of the legal description contained in the mortgage.[13] In the former action, Plaintiffs contended that Ocwen did not have a valid lien due to the erroneous legal description of the Property and, therefore, Ocwen could not foreclose on the Property; and in the instant action, Plaintiffs again allege that Ocwen does not have a valid lien due to the erroneous legal description of the Property, and therefore, Ocwen is not entitled to the insurance proceeds as mortgagee. While

---

[12] *See* <u>Campos I</u>, Document No. 23 at 7-9 (finding that the parties were completely diverse and the amount in controversy was over $75,000); <u>Campos I</u>, Document No. 26.

[13] <u>Campos I</u>, Document No. 1-9, ex. A-8.

4

Plaintiffs focus on entitlement to the insurance proceeds, the identical underlying claim, namely, that Ocwen does not have a valid lien on Plaintiffs' home, is the controlling issue. *See* Maxwell v. U.S. Bank Nat'l Ass'n, Civ. A. No. H-12-534, 2013 WL 265975, at *6 (S.D. Tex. Jan. 4, 2013) (Johnson, Mag. J.) (finding suit barred by res judicata where, "[d]espite alleging an array of causes of action in the three legal actions, Plaintiff has steadfastly challenged Defendants and others' rights to foreclose on his mortgage and sell his real property."). *See also* Test Masters, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."). Accordingly, it is

ORDERED that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 3) is GRANTED and Plaintiffs Norberto and Nicolasa Campos's claims are DISMISSED with PREJUDICE.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 14th day of October 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

5